**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RAUL VELASQUEZ MENJIVAR,                                          **Civ. Action No.:**

        Plaintiff,                                              **COMPLAINT**

    -against-

STONE PARK MARBLE AND GRANITE
CORP. and BAYRAM AKOGLU,

        Defendants.
--------------------------------------------------------X

      Plaintiff, RAUL VELASQUEZ MENJIVAR ("Plaintiff"), as and for his Complaint against

Defendants, STONE PARK MARBLE AND GRANITE CORP. ("Stone Park Marble and

Granite") and BAYRAM AKOGLU ("Akoglu") (collectively, "Defendants"), respectfully alleges

as follows:

<u>**JURISDICTION AND VENUE**</u>

      1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142,

of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other

relief related to his employment with Defendants.

      2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

      3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part

of the same case or controversy.

      4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male who resides in the State of New York.

6.      Plaintiff is a former employee of Defendants.

7.      Upon information and belief, Akoglu is a resident of the State of New York.

8.      Upon information and belief, Stone Park Marble and Granite is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, Stone Park Marble and Granite maintains a principal place of business located at 910 West Jericho Turnpike, Smithtown, New York 11787.

10.     Upon information and belief, Akoglu is the Chief Executive Officer of Stone Park Marble and Granite.

11.     Upon information and belief, Akoglu is the President of Stone Park Marble and Granite.

12.     Upon information and belief, Akoglu is a shareholder of Stone Park Marble and Granite.

13.     Upon information and belief, at all relevant times, Akoglu was and continues to be an owner, shareholder, corporate officer, director, and/or managing agent of Stone Park Marble and Granite.

14.     Upon information and belief, Stone Park Marble and Granite is owned, operated, and controlled by Akoglu.

15.     Upon information and belief, at all relevant times, Akoglu exercised operational control over Stone Park Marble and Granite, controlled significant business functions of Stone Park Marble and Granite, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Stone Park Marble and Granite in devising, directing, implementing,

and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

16.    Upon information and belief, at all relevant times, Akoglu participated in running the daily operations of Stone Park Marble and Granite.

17.    Upon information and belief, at all relevant times, Akoglu participated in the management and supervision of Plaintiff and his work for Stone Park Marble and Granite.

18.    Upon information and belief, Stone Park Marble and Granite maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

19.    As such, Stone Park Marble and Granite and Akoglu are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

20.    Stone Park Marble and Granite is in the business of fabricating and installing marble, granite, and tile countertops in kitchens and bathrooms.

21.    Stone Park Marble and Granite services homes throughout Long Island, New York.

22.    Defendants employed Plaintiff from on or about October 1, 2018 until on or about October 5, 2021.[1]

23.    Defendants employed Plaintiff as a fabricator and installer for their benefit and at their direction.

24.    Plaintiff's primary job duties included fabricating marble, granite, and tile countertops and installing them in Defendants' customers' homes.

---

[1] Plaintiff did not work from on or about September 13, 2021 until on or about October 3, 2021 and, therefore, does not assert claims for this time period.

25.     From on or about October 1, 2018 until on or about May 1, 2021, during the months of January through April and October through December, Plaintiff worked Monday through Friday from about 7:30 a.m. until about 5:00 p.m. with a thirty-minute meal break.

26.     During this time, Plaintiff worked approximately forty-five (45) hours a week.

27.     From on or about October 1, 2018 until on or about May 1, 2021, during the months of May through September, Plaintiff worked Monday through Saturday from about 7:30 a.m. until about 5:00 p.m. with a thirty-minute meal break.

28.     During this time, Plaintiff worked approximately fifty-four (54) hours a week.

29.     From on or about May 2, 2021 until on or about September 11, 2021, Plaintiff worked Monday through Saturday from about 8:00 a.m. until about 5:00 p.m. without uninterrupted meal breaks.

30.     During this time, Plaintiff worked approximately forty-five (45) hours a week.

31.     Defendants did not require Plaintiff to sign in or out of his daily shifts, or to track his time worked in any other manner.

32.     Upon information and belief, Defendants failed to keep and maintain time records for the days and weeks that Plaintiff worked.

33.     Defendants paid Plaintiff an hourly rate of pay.

34.     Defendants paid Plaintiff straight-time for all hours worked.

35.     Defendants did not pay Plaintiff overtime compensation at a rate of one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

36.     Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and pay day, or any other type of wage notice, at the time of his hiring or any time thereafter, as required by NYLL § 195(1).

37.     Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

38.     Akoglu hired Plaintiff.

39.     Akoglu decided the job duties that Plaintiff performed on a daily basis.

40.     Akoglu supervised Plaintiff's job duties and responsibilities.

41.     Akoglu set Plaintiff's work schedule.

42.     Akoglu decided the hours that Plaintiff worked.

43.     Akoglu decided the manner in which Plaintiff was paid.

44.     Akoglu decided the compensation that Plaintiff was paid.

45.     Akoglu ran the day-to-day operations of Stone Park Marble and Granite during Plaintiff's employment.

46.     Defendants managed Plaintiff's employment, including the amount of time he worked and the rates he was paid.

47.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

48.     Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

49.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

[REMAINDER OF PAGE LEFT BLANK]

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

50.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

52.     Defendants were and are subject to the overtime pay requirements of the FLSA because Stone Park Marble and Granite is an enterprise engaged in commerce or in the production of goods for commerce.

53.     At all times relevant to this Complaint, Stone Park Marble and Granite had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled granite and marble that originated outside of New York and was installed in New York residences.

54.     Upon information and belief, the gross annual volume of sales made or business done by Stone Park Marble and Granite in 2019, 2020, and 2021 was not less than $500,000.00.

55.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

56.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

57.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

58.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

59.    However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant period of his employment.

60.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

61.    Defendants did not act in good faith with respect to the conduct alleged herein.

62.    As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

63.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64.    At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65.    Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

66.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

67.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

68.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment because he did not meet the requirements for any of the exemptions available under New York law.

69.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70.     Defendants did not act in good faith with respect to the conduct alleged herein.

71.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

72.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated

by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

74.    Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

75.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

76.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78.    Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

79.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

[REMAINDER OF PAGE LEFT BLANK]

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
          February 2, 2022

NEIL H. GREENBERG & ASSOCIATES, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com